IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEKATOR MATTHEW THORPE,

    Plaintiff,

v.

MICHAEL MORELL and DALE J. SCHMIDT,

    Defendants.

OPINION and ORDER

Case No. 15-cv-251-wmc

Pro se plaintiff Dekator Matthew Thorpe, a resident of Texas, has filed a proposed civil complaint against Dale J. Schmidt, the Sherriff of Dodge County, and Michael Morell, Deputy Sheriff. Thorpe contends that his constitutional rights were violated when he was pulled over in his vehicle and searched while travelling through Dodge County, Wisconsin.

Because Thorpe is proceeding without prepayment of the filing fee, the court must screen the complaint under 28 U.S.C. § 1915 to determine whether he may proceed with the case. As a *pro se* litigant, Thorpe is held to a "less stringent standard" in crafting pleadings. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even giving Thorpe every benefit under this relaxed pleading standard, however, the basic facts alleged establish that this court must abstain from exercising jurisdiction over his suit because Thorpe's claims directly challenge an ongoing state proceeding.

ALLEGATIONS OF FACT

Thorpe's complaint contains very few allegations. He alleges that he was travelling through Dodge County, Wisconsin, on or about September 12, 2014, when he

1

was pulled over and consented to be searched. Thorpe does not say who stopped or searched him, but the court can infer that he was stopped by an officer or officers with the Dodge County Sherriff's Department. Thorpe states that officers stopped him based on the "excuse of a tinted window" and that he "felt threatened and intimidated upon questioning and upon backup arrival." Curiously enough, he also alleges that he consented to a search, was "treated fair[ly]" and that the officers were "courteous" and were "just doing their job."

OPINION

Thorpe contends that his rights under the Fourth, Fifth and Fourteenth Amendments were violated when he was stopped and searched. As an initial matter, Thorpe's allegations do not implicate the Fifth or Fourteenth Amendments at all. These amendments contain a broad range of protections, ranging from protection against self-incrimination and the uncompensated taking of property by the government (Fifth Amendment), to equal protection and due process under the law (Fourteenth Amendment), but Thorpe's allegations implicate none of those protections.

Thorpe's allegations regarding the stop and search of his vehicle do implicate the Fourth Amendment, which protects people from "unreasonable searches and seizures." U.S. Const. amend. IV. However, a traffic stop does not violate the Fourth Amendment if the police had probable cause to believe that a traffic violation had occurred, *Carmichael v. Vill. of Palatine, Ill.*, 605 F.3d 451, 456 (7th Cir. 2010), and a search does not violate the Fourth Amendment if it is conducted pursuant to consent. *Vinson v. Vermilion Cnty., Ill.*, 776 F.3d 924, 929 (7th Cir. 2015).

Thorpe does not explain in his complaint why he believes the stop was unlawful. Although Thorpe alleges that an officer used a "tinted window" as an "excuse" to pull him over, he does not deny that he had a tinted window or assert that a tinted window would not be a traffic violation. In other words, he does not deny that the officer who stopped him had probable cause to believe he had committed a traffic violation. If anything, he seems to consider the officers were "just doing their job" in stopping him. As for the search, Thorpe alleges that he consented to it, meaning there was no Fourth Amendment violation.

All that being said, Thorpe's complaint suffers from an even more fundamental problem. Thorpe's claims relate directly to his ongoing state court case, *State v. Thorpe*, 2014CT315 (Dodge Cty. Cir. Ct.). Thorpe specifically requests that this court dismiss the "driving charge," "warrant" and "complaint" filed against him in state court. Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts cannot interfere with ongoing state court proceedings. *Younger* abstention is based on principles of equity and comity and is "designed to permit state courts to try state cases free from interference by the federal courts." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) (citations and internal quotation marks omitted).

Even crediting Thorpe's dubious claims of federal constitutional violations, they appear to directly challenge the basis for the charge filed against him in state court. The *Younger* abstention doctrine "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Id.  See also Forty OneNews, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th

Cir. 2007). Because this court's resolution of Thorpe's claims and request for relief would interfere with the state court proceeding, this court cannot exercise jurisdiction over these claims. If Thorpe wishes to make arguments regarding the legality of his traffic stop and search, he may do so in the state court proceeding.

## ORDER

IT IS ORDERED that plaintiff Dekator Matthew Thorpe's complaint is DISMISSED without prejudice.

Entered this 29th day of July, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge